ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney     TERMED 7/2/12
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAVID A. LOMBARDERO, CSB # 71715
Special Assistant United States Attorney
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone:  (213) 894-7418
  Facsimile:  (213) 894-7177
  E-mail: David.Lombardero@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>$75,863.31 IN U.S. CURRENCY seized from account *****3997 at Bank of America,<br><br>              Defendant. | No.  CV 12-01767-CBM (AJWx)<br><br><br><br>**CONSENT  JUDGMENT<br>OF  FORFEITURE** |
| TWIN TIGER FOOTWEAR, INC.,<br><br>              Claimant. | |

<tr>
<td>

<tr>

<tr>
</tr>
</tr>
</td>
</tr>

## RECITALS

This action was filed on March 1, 2012. Notice was given and published in accordance with law. Claimant, Twin Tiger Footwear, Inc. ("Twin Tiger"), the corporation from whose bank account defendant $75,863.31 in U.S. Currency ("Defendant Funds") was seized, filed a timely claim for return of the defendant funds. No other claims were filed. Claimant denies any wrongdoing, and has denied the material allegations of the Complaint.

Plaintiff and Claimant have reached an agreement that is dispositive of the entire action. They request that the Court enter the Consent Judgment of Forfeiture set forth below.

////
////
////
////

WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over Plaintiff, the Defendant Funds, Claimant and the subject matter of this action.

2. Notice of this action has been given in accordance with law. All potential claimants to the defendant funds other than Twin Tiger are deemed to have admitted the allegations of the Complaint. The allegations set forth in the Complaint are sufficient to establish a basis for forfeiture.

3. The Department of the Treasury shall calculate the amount of interest earned on the Defendant Funds through the date of disbursement pursuant to the Consent Judgment. The United States of America shall have judgment as to 50% of Defendant Funds plus interest. No other person or entity shall have any right, title or interest in the funds awarded to the United States. The Department of Treasury is ordered to dispose of said assets in accordance with law.

4.  The other 50% of the Defendant Funds plus interest shall be paid to Twin Tiger promptly after entry of this judgment. Twin Tiger and its counsel shall provide, in writing, the information necessary for the government to make the payment called for herein by electronic funds or wire transfer in accordance with federal law.

5.  Twin Tiger hereby releases the United States of America, its agencies, agents, and officers, including employees and agents of the Internal Revenue Service and local or state law enforcement officers cross-designated as agents of the United States, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest that may be asserted on behalf of Claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6.  The Court finds that there was reasonable cause for the seizure of the defendant funds and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7.  Upon Claimant's request, Plaintiff will arrange for a Mandarin-speaking IRS agent to visit Claimant's premises and explain the cash reporting requirements applicable to Claimant's business.

8.  Upon Plaintiff's request, Claimant will identify to an IRS agent the persons and businesses making cash payments that in total exceed $10,000, either individually or in the aggregate as installment payments for a single order or sale. In addition, Plaintiff will explain how it accounts for cash deposits made by third parties into Claimant's account at a branch, and specifically how it determines to which customer and which invoice the funds deposited should be credited.

9.  This judgment does not constitute a determination or admission that Claimant or any of its officers, directors or employees violated any provision of

1  Title 31 of the U.S. Code or otherwise violated federal law with respect to the
2  conduct alleged in the Complaint.
3
4  Dated:      July 20, 2012           [signature]
5
6                                      _____
7                                      HON. CONSUELO B. MARSHALL
                                       UNITED STATES DISTRICT JUDGE
8
9  Approved as to form and content:
10
   Dated: July ___, 2012.              ANDRÉ BIROTTE JR.
11                                     United States Attorney
                                       ROBERT E. DUGDALE
12                                     Assistant United States Attorney
13                                     Chief, Criminal Division
                                       STEVEN R. WELK
14                                     Assistant United States Attorney
                                       Chief, Asset Forfeiture Section
15
16
17
                                       By _____/s/_____
18                                          DAVID A. LOMBARDERO
                                       Special Asst. United States Attorney
19                                     Asset Forfeiture Section
20                                     Attorneys for Plaintiff,
                                       United States of America
21
22 Dated: July __, 2012.                THOMAS | BERGER, ATTORNEYS
                                        STEPHEN J. THOMAS
23
24
25                                      By _____/s/_____
                                        Attorney for Claimant, Twin Tiger Footwear
26
27
28